**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUN 27 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

DAVID ANGEL SIFUENTES III,

       Plaintiff - Appellant,

  v.

GOOGLE LLC,

       Defendant - Appellee.

No. 23-3839

D.C. No. 3:22-cv-03102-JCS

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Joseph C. Spero, Magistrate Judge, Presiding[**]

Submitted June 18, 2025[***]

Before:    CANBY, S.R. THOMAS, and SUNG, Circuit Judges.

David Angel Sifuentes III appeals pro se from the district court's judgment

dismissing his action arising from a charge on his cellular telephone bill. We have

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The parties consented to proceed before a magistrate judge. *See* 28 U.S.C. § 636(c).

[***]      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal under Federal Rule of Civil Procedure 12(b)(6). *Prodanova v. H.C. Wainwright & Co., LLC*, 993 F.3d 1097, 1105 (9th Cir. 2021). We affirm.

The district court properly dismissed Sifuentes's action because Sifuentes failed to allege facts sufficient to state any plausible claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (to avoid dismissal, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face" (citation and internal quotation marks omitted)); *see also* 47 C.F.R. § 64.2401 (explaining the Truth-in-Billing rules).

The district court did not abuse its discretion by denying further leave to amend because amendment would have been futile. *See Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011) (setting forth standard of review and explaining that leave to amend may be denied when amendment would be futile); *Metzler Inv. GMBH v. Corinthian Colls., Inc.*, 540 F.3d 1049, 1072 (9th Cir. 2008) (explaining that "the district court's discretion to deny leave to amend is particularly broad where plaintiff has previously amended the complaint" (citation and internal quotation marks omitted)).

The district court did not abuse its discretion by denying Sifuentes's motion

for reconsideration because Sifuentes failed to set forth any basis for relief. *See*

*Sch. Dist. No. 1J, Multnomah County, Or. v. ACandS, Inc.*, 5 F.3d 1255, 1262-63

(9th Cir. 1993) (setting forth standard of review and bases for reconsideration).

We do not consider matters not specifically and distinctly raised and argued

in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

All pending motions and requests are denied.

**AFFIRMED.**